EUGENE RYU, Bar No. 209104
PETER C. LEUNG, Bar No. 240528
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Defendants
INYONG PARK DBA GAESUNG HOUSE OF TOFU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSAMARLEN RAMIREZ ORTIZ,<br><br>Plaintiff,<br><br>v.<br><br>INYONG PARK dba GAESUNG HOUSE OF TOFU and DOES 1-10 +,<br><br>Defendants. | Case No. C 08 02158 RS<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant, INYONG PARK dba GAESUNG HOUSE OF TOFU (hereinafter "Defendant" or "House of Tofu") by and through its attorneys, hereby answer Plaintiff Rosamarlen Ramirez Ortiz's (hereinafter "Plaintiff" or "Ortiz") Complaint as follows:

I.  NATURE OF COMPLAINT

1. In response to the opening paragraph of the Complaint, no response is necessary, as this paragraph merely defines the nature of the action and against whom Plaintiffs' claims are asserted. To the extent a response is required, Defendant admits that it employed Plaintiff for the two years prior to the Complaint, but denies that Plaintiff was paid on a salary basis. Except as specifically admitted to, House of Tofu denies, generally and specifically each and every remaining allegation made in this paragraph.

II. PARTIES

2. In response to Paragraph 1 of Plaintiff's Complaint, House of Tofu lacks sufficient

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)

information or belief to respond to the allegations therein, and on that basis denies, generally and specifically, each and every allegation made in the paragraph.

3. In response to Paragraph 2 of Plaintiff's Complaint, House of Tofu admits that In Yong Park did business as Gaesung House of Tofu in Santa Clara, California in the two years prior to the filing of Plaintiff's Complaint. Except as specifically admitted to, House of Tofu denies, generally and specifically each and every remaining allegation made in this paragraph.

4. In response to Paragraph 3 of Plaintiff's Complaint, House of Tofu admits that it had control over Plaintiff's working hours and conditions during her employment with House of Tofu. Except as specifically admitted to, House of Tofu denies, generally and specifically each and every remaining allegation made in this paragraph.

### III. GENERAL ALLEGATIONS

5. In response to Paragraph 4 of Plaintiff's Complaint, House of Tofu admits that Plaintiff was employed at Gaesung House of Tofu in Santa Clara, California for the two years prior to the filing of the Complaint. House of Tofu lacks sufficient information and belief as to the full extent of Plaintiff's activities during the times relevant herein, and on that ground denies that Plaintiff was at all times acting in the normal course and scope of her employment. Except as specifically admitted to, House of Tofu denies, generally and specifically each and every remaining allegation made in this paragraph.

6. In response to Paragraph 5 of Plaintiff's Complaint, House of Tofu admits that Plaintiff on occasion worked more than 8 hours in one day, and on occasion worked more than 40 hours in one week. Except as specifically admitted to, House of Tofu denies, generally and specifically each and every remaining allegation made in this paragraph.

7. In response to Paragraph 6 of Plaintiff's Complaint, House of Tofu denies that Plaintiff was paid on a salary basis.

8. In response to Paragraph 7 of Plaintiff's Complaint, House of Tofu admits that Plaintiff was not classified as an "exempt" employee.

9. In response to Paragraph 8 of Plaintiff's Complaint, House of Tofu admits that Plaintiff did not maintain a professional license with the state, nor did Plaintiff exclusively manage

any division of Gaesung House of Tofu, nor did Plaintiff directly supervise any employees nor did she participate in the development of general administrative policies.

## IV. COUNT ONE: VIOLATION OF CA LABOR CODE SECTION 510 FAILURE TO PROPERLY PAY OVERTIME WAGES.

10. In response to Paragraph 9 of Plaintiff's Complaint, House of Tofu incorporates Paragraphs 2 – 9 as fully stated herein.

11. Paragraph 10 is a legal argument and recitation not requiring or permitting an answer. To the extent an answer is required, House of Tofu denies, generally and specifically each and every allegation made in this paragraph.

12. In response to Paragraph 11 of Plaintiff's Complaint, House of Tofu admits that Plaintiff on occasion worked in excess of 8 hours a day and/or 40 hours a week. House of Tofu denies that it failed to pay Plaintiff the wages required by law. Except as specifically admitted to, House of Tofu denies, generally and specifically each and every remaining allegation made in this paragraph.

13. In response to Paragraph 12 of Plaintiff's Complaint, this paragraph is a legal argument and recitation not requiring or permitting an answer. To the extent an answer is required, House of Tofu denies, generally and specifically each and every allegation made in this paragraph.

14. In response to Paragraph 13 of Plaintiff's Complaint, House of Tofu denies that Plaintiff's overtime wages were not properly paid. House of Tofu also generally and specifically deny each and every remaining allegation made in this paragraph.

15. In response to Paragraph 14 of Plaintiff's Complaint, House of Tofu denies that it failed to pay any amount owed to Plaintiff. House of Tofu also generally and specifically deny each and every remaining allegation made in this paragraph.

16. In response to Paragraph 15 of Plaintiff's Complaint, this paragraph is a legal argument and recitation not requiring or permitting an answer. To the extent it requires an answer, House of Tofu denies that it failed to pay any amount owed to Plaintiff. House of Tofu also generally and specifically deny each and every remaining allegation made in this paragraph.

17. In response to Paragraph 16 of Plaintiff's Complaint, this paragraph merely recites

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)                3.

1 the types of relief sought by Plaintiff. To the extent this paragraph requires an answer, House of Tofu generally and specifically denies each and every allegation made in this paragraph.

## V. COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT - FAILURE TO PROPERLY PAY OVERTIME WAGES.

18. In response to Paragraph 17 of Plaintiff's Complaint, House of Tofu incorporates paragraphs 2 – 17 of the Answer as fully stated herein.

19. Paragraph 18 of the Complaint is legal argument and recitation not requiring or permitting an answer. To the extent it requires an answer, House of Tofu generally and specifically denies each and every allegation made in this paragraph.

20. Paragraph 19 of the Complaint is legal argument and recitation not requiring or permitting an answer. To the extent it requires an answer, House of Tofu generally and specifically denies each and every allegation made in this paragraph.

21. In response to Paragraph 20 of Plaintiff's Complaint, House of Tofu denies that Plaintiff worked in excess of forty hours per week without being paid one and a half times Plaintiff's regular rate of pay. House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

22. In response to Paragraph 21 of Plaintiff's Complaint, this paragraph is a legal argument and recitation not requiring or permitting an answer. To the extent it requires an answer, House of Tofu denies that it violated any of Plaintiff's rights.

23. In response to Paragraph 22 of Plaintiff's Complaint, House of Tofu denies that it failed to pay proper wages to Plaintiff under the FLSA, and thus denies that Plaintiff incurred general damages in the form of lost overtime wages. House of Tofu also generally and specifically denies each and every remaining allegation made in this paragraph.

24. Paragraph 23 of Plaintiff's Complaint is a legal recitation and prayer for relief and does not require an answer. In the extent this paragraph requires an answer House of Tofu denies that it failed to pay Plaintiff proper wages or that Plaintiff is entitled to any relief. House of Tofu also generally and specifically denies each and every remaining allegation made in this paragraph.

25. Paragraph 24 of Plaintiff's Complaint legal recitation and prayer for relief and does

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)                    4.

1  not require an answer. In the extent this paragraph requires an answer House of Tofu denies that Plaintiff is entitled to any relief. House of Tofu also denies that it failed to pay Plaintiff proper wages. House of Tofu also generally and specifically denies each and every remaining allegation made in this paragraph.

26. Paragraph 25 of Plaintiff's Complaint is legal recitation and Plaintiff's prayer for relief and does not require an answer. To the extent this paragraph requires an answer, House of Tofu denies that Plaintiff is entitled to any relief. House of Tofu generally and specifically denies each and every allegation made in this paragraph.

## VI. COUNT THREE: VIOLATION OF CALIFORNIA LABOR CODE 201 – FAILURE TO PAY WAGES DUE AND "WAITING TIME PENALTIES."

27. In response to Paragraph 26 of Plaintiff's Complaint, House of Tofu incorporates paragraphs 2 – 26 of the Answer as fully stated herein.

28. In response to Paragraph 27 of Plaintiff's Complaint, House of Tofu denies that it owed Plaintiff unpaid overtime wages at the time the employment relationship ended. Except as specifically admitted, House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

29. Paragraph 28 of Plaintiff's Complaint is a mere legal recitation and prayer for relief and does not require an answer. To the extent this paragraph requires an answer, House of Tofu denies that Plaintiff is entitled to any of the requested relief. House of Tofu also denies that it failed to pay all wages owed to Plaintiff at the end of her employment. House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

30. Paragraph 29 of Plaintiff's Complaint is a mere legal recitation and prayer for relief and does not require an answer. To the extent this paragraph requires an answer, House of Tofu denies that it failed or refused to pay all wages owed to Plaintiff at the end of her employment and on that ground denies Plaintiff is entitled to any of the requested relief. House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

31. In response to Paragraph 30 of Plaintiff's Complaint, this paragraph is a mere legal recitation and prayer for relief and does not require an answer. To the extent this paragraph requires

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)                5.

an answer, House of Tofu denies that it failed to pay all wages owed to Plaintiff at the end of her employment and thus denies that Plaintiff is entitled to attorneys' fees or costs. Except as specifically admitted, House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

32. Paragraph 31 of Plaintiff's Complaint is a mere legal recitation and prayer for relief and does not require an answer. To the extent this paragraph requires an answer, House of Tofu denies that it failed to pay all wages owed to Plaintiff at the end of her employment and thus denies that Plaintiff is entitled to the requested relief. Except as specifically admitted, House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

## VII. COUNT FOUR: VIOLATION OF B&P § 17200 UNFAIR BUSINESS PRACTICES

33. In response to Paragraph 32 of Plaintiff's Complaint, House of Tofu incorporates paragraphs 2 – 32 of the Answer as fully stated therein.

34. Paragraph 33 of Plaintiff's Complaint is a mere recitation of the law and does not require an answer. To the extent this paragraph requires an answer, House of Tofu denies that it failed to pay Plaintiff's overtime wages as required by law. Except as specifically admitted, House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

35. In response to Paragraph 34 of Plaintiff's Complaint, House of Tofu denies that it failed to pay Plaintiff's overtime wages as required by law. The remainder of the this paragraph is mere recitation of the law and does not require an answer. Except as specifically admitted, House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

36. In response to Paragraph 35 of Plaintiff's Complaint, House of Tofu denies that it failed to pay Plaintiff's overtime wages as required by law and denies that it kept for itself the amount that should have been paid to Plaintiff. Except as specifically admitted, House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

37. In response to Paragraph 36 of Plaintiff's Complaint, House of Tofu denies that it violated Cal. Bus. & Prof. Code § 17200 et seq. House of Tofu also denies that it commited acts prohibited by applicable provisions of the California Labor Code, California Wage Orders, or the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)    6.

1  FLSA. House of Tofu generally and specifically denies each and every remaining allegation made
2  in this paragraph.

3      38.    In response to Paragraph 37 of Plaintiff's Complaint, House of Tofu denies that it
4  violated the law or failed to pay the required overtime, and as such deny that it is the direct and
5  proximate cause of any violation of Plaintiff's rights. The remainder of the this paragraph is mere
6  recitation of the law and prayer for relief, and House of Tofu denies that Plaintiff is entitled to the
7  requested relief. Except as specifically admitted, House of Tofu generally and specifically denies
8  each and every remaining allegation made in this paragraph.

9      39.    In response to Paragraph 38 of Plaintiff's Complaint, House of Tofu generally and
10 specifically denies each and every allegation made in this paragraph.

11     40.    In response to Paragraph 39 of Plaintiff's Complaint, House of Tofu denies that it
12 violated the law or failed to pay the required overtime. The remainder of the this paragraph is mere
13 recitation of the law and prayer for relief, and House of Tofu denies that Plaintiff is entitled to the
14 requested relief. Except as specifically admitted, House of Tofu generally and specifically denies
15 each and every remaining allegation made in this paragraph.

### VIII. COUNT FIVE: VIOLATION OF CAL. LAB. CODE § 226 – INADEQUATE PAY STATEMENTS.

41. In response to Paragraph 40 of Plaintiff's Complaint, House of Tofu incorporates paragraphs 2 – 40 of the Answer as fully stated herein.

42. Paragraph 41 of Plaintiff's Complaint is a mere recitation of the law and as such requires no answer. To the extent it needs an answer, House of Tofu specifically and denies every allegation made in this paragraph.

43. Paragraph 42 of Plaintiff's Complaint is a mere recitation of the law and as such requires no answer. To the extent it needs an answer, House of Tofu specifically and denies every material allegation made in this paragraph.

44. In response to Paragraph 43 of Plaintiff's Complaint, House of Tofu denies that it failed to provide Plaintiffs with adequate pay statements as required by Cal. Lab. Code § 226. Except as specifically admitted, House of Tofu generally and specifically denies each and every

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)

7.

remaining allegation made in this paragraph.

45. In response to Paragraph 44 of Plaintiff's Complaint, House of Tofu generally and specifically denies each and every allegation made in this paragraph.

46. In response to Paragraph 45 of Plaintiff's Complaint, House of Tofu denies that it failed to provide Plaintiffs with adequate pay statements and as such denies that it caused injury to Plaintiff. House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

47. In response to Paragraph 46 of Plaintiff's Complaint, House of Tofu denies that it failed to provide proper records. The remainder of this paragraph is a mere legal recitation and prayer for relief and House of Tofu denies that Plaintiff is entitled to the requested relief. Except as specifically admitted, House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

48. In response to Paragraph 47 of Plaintiff's Complaint, House of Tofu lacks sufficient information or belief as to whether Plaintiff has incurred costs and fees in bringing this action and denies on that basis. The remainder of this paragraph is a mere legal recitation and prayer for relief and House of Tofu denies that Plaintiff is entitled to the requested relief. Except as specifically admitted, House of Tofu generally and specifically denies each and every remaining allegation made in this paragraph.

## IX. PLAINTIFF'S PRAYER FOR RELIEF

49. In response to Paragraphs 48 – 56 of Plaintiff's Complaint, House of Tofu denies that Plaintiff is entitled to any relief requested or any relief whatsoever.

## X. AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting the defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Defendant does not presently know all the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this answer should it later discover facts demonstrating the existence of additional affirmative defenses.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)    8.

## FIRST AFFIRMATIVE DEFENSE

House of Tofu alleges that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

House of Tofu alleges that the Complaint and each purported cause of action thereunder is barred by the applicable federal law statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

House of Tofu alleges that it had a good faith and reasonable belief that its wage payment practices complied with the FLSA, and therefore Plaintiff not entitled to any damages in excess of any overtime which may be found to be due. 29 U.S.C. § 260.

## FOURTH AFFIRMATIVE DEFENSE

House of Tofu alleges that any alleged violation of the FLSA was not willful and that the claims of Plaintiff arising under the FLSA more than two years before filing this Complaint are therefore barred by the statute of limitations set forth in the Portal-to-Portal Pay Act. 29 U.S.C. § 255.

## FIFTH AFFIRMATIVE DEFENSE

House of Tofu alleges that, assuming Plaintiff entitled to any overtime, the walking, riding, traveling and preliminary and postliminary activities must be excluded from compensable hours of work.

## SIXTH AFFIRMATIVE DEFENSE

House of Tofu alleges that the Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that the Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

House of Tofu alleges that the Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)                9.

### NINTH AFFIRMATIVE DEFENSE

House of Tofu alleges that Plaintiff has sustained no damages or at most de minimis damages which are not actionable under state or federal law.

### TENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

House of Tofu alleges that Plaintiff's claims are barred by their ratification of and/or consent to the actions allegedly undertaken.

### THIRTEENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that Plaintiff was treated fairly and in food faith, and that all actions taken with regard to each Plaintiff were taken for lawful business reasons and in good faith.

### FOURTEENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that assuming, arguendo, that Plaintiff is entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that it does not engage in interstate commerce.

### SIXTEENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that Plaintiff's state law claims are barred in their entirety or in part by the applicable California statutes of limitations, including but not limited to Code of Civil Procedure sections 335.1, 338, 339, 340, and Government Code sections 12965 and 12960, and California Business and Professions Code § 17208.

### SEVENTEENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that assuming, arguendo, that Plaintiff is entitled to any

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)    10.

overtime, all of the elements of compensation for Plaintiff which fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e) and any corresponding state provision must be excluded from the regular rate of pay for the purpose of calculating overtime, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that, assuming Plaintiff is entitled to any overtime, Defendant is entitled to a credit for or set off against the overtime claims of Plaintiff for any amounts included in Section 7(h) of the FLSA, 29 U.S.C. § 207(h), and any corresponding state provision.

### NINETEENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that, assuming Plaintiff is entitled to any overtime, Defendant is entitled to a credit for or set off against amounts overpaid to Plaintiff in the course of her employment. This credit or setoff includes, but is not limited to, amounts erroneously overpaid to Plaintiff. Plaintiff's claims are barred because they would be unjustly enriched if they prevailed on any of said claims.

### TWENTIETH AFFIRMATIVE DEFENSE

House of Tofu alleges that its business actions or practices were not "unlawful" within the meaning of California Business and Professions Code § 17200 *et seq.*

### TWENTY-FIRST AFFIRMATIVE DEFENSE

House of Tofu alleges that its business actions or practices were not "harmful" within the meaning of California Business and Professions Code § 17200 *et seq.*

### TWENTY-SECOND AFFIRMATIVE DEFENSE

House of Tofu alleges that its business actions or practices were not "fraudulent" or "deceptive" within the meaning of California Business and Professions Code § 17200 *et seq.*

### TWENTY-THIRD AFFIRMATIVE DEFENSE

House of Tofu alleges that the Complaint fails to properly state a claim for penalties under California Labor Code § 203 because any failure to pay wages found to be due Plaintiff was not willful.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

House of Tofu alleges that the Complaint fails to properly state a claim for penalties

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)    11.

under California Labor Code § 203 because there is a bona fide, good faith dispute with respect to House of Tofu's obligation to pay the wages at issue.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

House of Tofu alleges that any unlawful or other wrongful acts of any person(s) employed by House of Tofu, or any of them, were outside of the scope of his or her authority and such acts, if any, were not authorized, ratified, or condoned, nor did House of Tofu know or have reason to be aware of such alleged conduct.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

House of Tofu alleges that, to the extent Plaintiffs seek statutory or other penalties, such claims must comport with the due process requirements of *State Farm v. Campbell* (2003) 538 U.S. 408.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

House of Tofu alleges that the Complaint fails to properly state a claim for interest, as the damages claimed are not sufficiently certain to support an award of interest.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

House of Tofu alleges that Plaintiff is not entitled to recover any attorneys' fees because the Complaint and each cause of action set forth therein, or some of them, fail to state a claim upon which an award of attorneys' fees may be granted.

## XI. PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1. Plaintiffs take nothing by virtue of the claims filed herein and that the claims be dismissed in their entirety with prejudice;

2. For all reasonable costs incurred by Defendant in connection with the defense of this matter;

3. For attorneys' fees; and

///

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)     12.

4. For such other and further relief as the Court may deem proper.

Dated: August 13, 2008

*[signature]*

PETER C. LEUNG
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
INYONG PARK DBA GAESUNG HOUSE OF TOFU

Firmwide:86008874.1 060462.1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT
(NO. C 08 02158 RS)                   13.

## PROOF OF SERVICE BY MAIL

I am employed in Fresno County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 13, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT'S ANSWER TO COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

James Dal Bon                           *Attorney for Plaintiff Rosamarlen*
Law Offices of James Dal Bon            *Ramirez Ortiz*
28 North 1st Street, Suite 210
San Jose, CA   95113

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 13, 2008, at Fresno, California.

_____
Angela Thomson

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE (NO. C 08 02158 RS)